IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,
      Plaintiff,

vs.                                    Case No.: 3:11cv194/WS/EMT

DANIEL J. LEVITAN and
PAMELA H. LEVITAN,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Defendants, Daniel J. Levitan and Pamela H. Levitan, non-prisoners proceeding pro se, commenced this action by filing a notice of removal, pursuant to 28 U.S.C. § 1441, seeking to remove the following two state court criminal prosecutions filed in the Circuit Court for Escambia County, Florida:  (1) State of Florida v. Daniel J. Levitan, Case No. 2009CF1932A, and (2) State of Florida v. Daniel J. Levitan and Pamela H. Levitan, Case No. 2009CR3786A and B (Doc. 1).

      In Case No. 2009 CF 1932A, Daniel Levitan was charged with grand theft over $20,000 but under $100,000.00.[1]  A third degree felony charge for stopping payment on a check with intent to defraud was nolle prossed.

      Case No. 2009CR3786 involves a total of twelve felony charges against both Defendants Daniel Levitan and Pamela Levitan.  Defendants are charged in that case with aggravated white color crime involving twenty or more victims and $50,000 or more, a first degree felony; money laundering involving transactions of at least $20,000 but less than $100,000 in a twelve-month

---

[1] See http://www.escambiaclerk.com/xml/xml.asp?ucase_id=61876210.

period, a second degree felony; and ten counts of grand theft in varying amounts, each of which is a third degree felony.[2]

Defendants assert myriad bases for removal of this action including:

1)      Federal question and interpretation of the Fourth, Fifth, Sixth and Fourteenth Amendments (Doc. 1 at 1);

2)      Federal question and interpretation of Article III, Section 2 and Article VI of the Supremacy Clause (Doc. 1 at 1);

3)      A claim that interpretation of the definition of "U.S. Currency" is exclusively within the purview of the United States District Courts (Doc. 1 at 2);

4)      A claim that interpretation of the term "money laundering" and whether it must affect interstate commerce is reserved to federal courts (Doc. 1 at 2);

5)      Federal question and interpretation of pattern and practices of the State constituting racial discrimination; alleged disparity and treatment of Caucasian Defendants as compared to African American Defendants based upon same or similar conduct (Doc. 1 at 2);

6)      A claim that the Florida Sales, Use, and Excise Tax statutes impose criminal liability without notice (Doc. 1 at 2);

7)      "Well established principles of federal law" in a number of seminal federal Supreme Court criminal cases (Doc. 1 at 2–3);

8)      Escambia County Sheriff David Morgan's alleged unlawful tampering with jurors (Doc. 1 at 3); and

9)       Disparaging statements by Judge Joel Boles related to the defense of the case (Doc. 1 at 3–4).

Defendants' also assert an alleged "pattern of illegal prejudicial conduct affecting Defendants' ability to assert rights or privileges in State Court under Federal Law," although the actions complained of relate to actions of another individual, not the court (Doc. 1 at 4–5).

Defendants also assert that they have been "unable to seat an impartial jury to due jury tampering and influencing jurors" (doc. 1 at 8), an assertion which is nothing more than premature

---

[2] *See* http://www.escambiaclerk.com/xml/xml.asp?ucase_id=38367659.

speculation as it applies to this case.  In reviewing the State Court's electronic docket,[3] the court notes that the notice of removal was filed April 28, 2011, the same day the court entered an order scheduling jury selection for May 2, 2011 in this case.

Finally, the Caucasian Defendants assert that they are being discriminated against based upon their race in that minority defendants are treated more favorably in similar circumstances (Doc. 1 at 6).  Defendants claim that the state does not seek to audit or investigate minorities enforcing tax laws the same as against white taxpayers, and that the state engages in "racial profiling," thus creating a different class of taxpayers based upon color (*id.* at 7).  Defendants base their claim on the fact that they were unable to locate any tax allegations brought against African Americans, although they do not state how many such claims were brought against Caucasians and they do not identify any situations in which African-Americans were not prosecuted for tax crimes based on their race.

After careful consideration of the record in this case and controlling law, the undersigned concludes that this court lacks a proper basis for removal jurisdiction over any of the state court actions, and the state court matters should be remanded to the state court from which they were removed so the criminal prosecution can proceed.

The federal removal statute governing the removal of criminal prosecutions provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

---

[3] *See* http://www.escambiaclerk.com/xml/xml.asp?ucase_id=38367659.  The state court's docket allows viewers to see only the names of events that are posted, not to read any documents that may be contained in the file.

The Supreme Court has held that a notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test.  *See* Johnson v. Miss., 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).  First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality."  *Id.* (citation internal quotation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Id.*  That a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). *Id.* (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State."  Johnson, 421 U.S. at 219.  This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case."  *Id.* (citation and internal quotation omitted). Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.  *Id.* (quoting Georgia v. Rachel, *supra*, 384 U.S. at 804). Under Section 1443(1),

> the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

City of Greenwood, 384 U.S. at 828.  Failure to satisfy either prong of the two-pronged test is fatal to removal.  Williams v. State of Miss., 608 F.2d 1021, 1022 (5th Cir. 1979);[4] Provident Funding Associates, LP v. Obande, 2011 WL 480000 (11th Cir. 2011).

In Peacock, the removing state-court defendants claimed that their prosecution for obstructing public streets, assault and battery, and other state crimes was based on their own race (black) or the fact that they were helping blacks assert their rights under federal civil rights laws, and as such the defendants would be unable to obtain a fair trial in state court.  384 U.S. at 826, 86 S. Ct. at 1811.  The defendants' claims that "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false or that the defendant is unable to obtain a fair trial in a particular state court" were held to be insufficient to support removal of the criminal action.  Id. at U.S. at 827, 86 S. Ct. at 1812.  The Supreme Court noted that the removing defendants could point to neither a federal law conferring on them the right to engage in the specific conduct with which they were charged nor a federal right that no state should attempt to prosecute them for their conduct.  Id. at 826, 86 S. Ct. at 1811.

After considering Peacock and Rachel, the Johnson Court found that allegations that statutes underlying charges against the defendants were unconstitutional, that there was no basis in fact for the charges or that their arrest and prosecution "otherwise denied them their constitutional rights" were insufficient to warrant removal.  Johnson 421 U.S. at 222–23, 86 S. Ct. at 1597.

In the instant case, Defendants have not pointed to either a federal law conferring on them the right to engage in the specific conduct with which they were charged nor a federal right that no state should attempt to prosecute them for their conduct.  See Peacock, 384 U.S. at 826, 86 S. Ct. at 1811.  The constitutional and statutory provisions they cite are not specific civil rights couched in terms of racial equality; rather, they are broad constitutional guarantees of general application. Therefore, neither Defendants' Fourth, Fifth, Sixth and Fourteenth Amendment rights, nor general constitutional principles, can serve as the basis for removal under Section 1443.  See Johnson, 421

---

[4] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional . . . provisions of general applicability . . . will not suffice."); Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); State of Miss. v. McCollum, 513 F.2d 285 (5th Cir. 1975) (constitutional right to a speedy trial cannot serve as basis for removal under 28 U.S.C. § 1443); Varney v. State of Ga., 446 F.2d 1368, 1369 (5th Cir. 1971) (defendant's claims alleging violations of Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments had nothing to do with racial equality, therefore, removal was not proper under Section 1443(1)); State of Ga. v. Spencer, 441 F.2d 397 (5th Cir. 1971) (Section 1443 applies only to rights granted in terms of racial equality; claims of rights under constitutional guarantees of free speech and due process will not support removal).  Nor can their assertions of violations of the provisions of the seminal Supreme Court cases Faretta v. California, 422 U.S. 806 (1975); Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405.U.S. 150 (1972); and Kyles v. Whitley, 514 U.S. 419 (1995), or McKesson v. Div. of Alcoholic Beverages and Tobacco, Dept. of Business Regulation of Florida, 496 U.S. 18 (1990) and United States v. Hubbell, 530 U.S. 27 (2000).

Defendants have likewise failed to satisfy the second prong of the test for removal under Section 1443(1).  As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, that the charges are false, or even that the defendant is unable to obtain a fair trial in a particular state court.  Alabama v. Conley, 245 F.3d 1292, 1297 (11th Cir. 2001).  Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights.  Id.  Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue.  See id. at 1298.  In the instant case, there is no basis for a finding that Defendants are immunized from the states charges brought against them.  Therefore, Defendants have failed to satisfy the second prong of the removal test as well.

Section 1443(2) is equally unavailable since its provisions are limited to federal officers and those authorized to act for them or under them.  *See* Varney, 446 F.2d at 1369 (citing City of Greenwood, 384 U.S. at 808).

Summary disposition of the notice of removal is proper because, assuming arguendo that Defendants could establish the validity of their claims, none of them provide a basis for removal under Section 1443.  *See* Varney, 446 F.2d at 1369 (district court did not err in remanding case without conducting a hearing where, assuming arguendo that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal under Section 1443); Spencer, 441 F.2d at 398 (same).

Accordingly, it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case, which includes state court case numbers 2009CV1932A, 2009CF3786A, and 2009CR3786B, to the Circuit Court for Escambia County, Florida.

At Pensacola, Florida, this 24th day of May 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**